**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YVONNE COTTA, individually and as representative of the Estate of John Cotta, and as guardian ad litem for Madison Cotta and Kaylianna Cotta, minors,

Plaintiff-Appellant,

v.

COUNTY OF KINGS; SHARI HENDERSON, Sergeant,

Defendants-Appellees,

and

DAVE ROBINSON, Sheriff; DAVE PUTNAM, Assistant Sheriff,

Defendants.

No.    15-15420

D.C. No.
1:13-cv-00359-LJO-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Plaintiff appeals from the district court's judgment in favor of Defendants Sergeant Henderson and the County of Kings on her claims under 42 U.S.C. § 1983 and California negligence law.  We review the district court's summary judgment de novo, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and now affirm in part and reverse in part.

**1.** The district court did not err in granting summary judgment on Plaintiff's § 1983 claims against Sergeant Henderson.  To establish a violation of the Fourteenth Amendment right to be free from prison violence, a detainee must show that prison officials were "deliberately indifferent" to a "substantial risk of serious harm" to which the detainee was exposed.  *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068–71 (9th Cir. 2016) (en banc).  This standard is "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* at 1071.  In this circuit, the standard is an objective one, requiring proof that the prison official "did not take reasonable available measures to abate [a serious risk of substantial harm], even though a reasonable [official] in the circumstances would have appreciated the high degree of risk involved." *Id.*

Under these facts, no reasonable prison official would have been aware of a substantial risk of serious harm. Most important of all, it was decedent *himself* who asked Sergeant Henderson on numerous occasions for a transfer to his co-defendant's cell. Not only did the decedent fail to apprise Sergeant Henderson at any point during his twenty-two-month incarceration—eleven of which he spent with his co-defendant without any incidents—that he feared for his safety, he also affirmatively indicated that he did not anticipate any problems with any inmates while in custody. Sergeant Henderson's own investigation and observations indicated that the decedent and his co-defendant were friends who did not pose a threat to one another. These circumstances do not evidence a substantial risk of serious harm as a matter of law.[1]

**2.** Nor did the district court err in dismissing Plaintiff's municipal liability claims against the County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Municipalities cannot be held liable when the individual prison official has inflicted no constitutional injury. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015) (citing *City of L.A. v. Heller*, 475 U.S. 769, 799 (1986)

---

[1] Plaintiff's claim for interference with familial relations under the Fourteenth Amendment is derivative of her claim for failure to protect; it was therefore properly dismissed for identical reasons.

(per curiam)). Because Sergeant Henderson did not inflict a constitutional injury, the County cannot be held constitutionally liable for adopting its housing policy. And to the extent Plaintiff challenges the County's "communications policy"—which, she contends, should have required courtroom bailiffs to communicate to the County jail the risk of housing the decedent and his co-defendant together—she simply never made that claim below. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court.").

3. The district court erred, however, in dismissing Plaintiff's wrongful death claim against Sergeant Henderson. In California, prison officials owe detainees a duty to protect them from foreseeable harm. *See Giraldo v. Cal. Dep't of Corr. & Rehab.*, 85 Cal. Rptr. 3d 371, 386 (Cal. Ct. App. 2008). This standard requires a much lower level of culpability than deliberate indifference. *See Castro*, 833 F.3d at 1071. And, under California's comparative fault scheme, *see Li v. Yellow Cab Co.*, 532 P.2d 1226, 1242–43 (Cal. 1975), a jailer may be held partially liable even if the harm was primarily due to the detainee's own negligence.

Given this low threshold for liability, a reasonable jury could find that Sergeant Henderson should have foreseen *some* risk in housing co-defendants together without first ascertaining whether their defenses were adverse. Because the district court erred in concluding otherwise, we remand this claim to the district court. We express no opinion as to whether the district court should exercise supplemental jurisdiction over this state law claim on remand. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

**AFFIRMED in part and REVERSED in part.**